* * * * * * * * * * *
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Houser and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties. The Full Commission affirms the Opinion and Award of Deputy Commissioner Houser and enters the following Opinion and Award.
 * * * * * * * * * * *
Based upon all the competent evidence from the record, the Full Commission finds as follows:
 FINDINGS OF FACT *Page 2 
1. I.C. No. 351178 involves an occupational disease claim to plaintiff's left arm. I.C. File No. 328445 involves an injury resulting in bilateral wrist pain and right shoulder pain.
2. Plaintiff received no medical treatment subsequent to 6 November 2002 until after an unrelated automobile accident when she did obtain medical treatment for her right shoulder.
3. On 8 May 2003, plaintiff hired Kathleen G. Sumner as her attorney due to her claims being denied by defendants in case number 328445. On 28 July 2003, Attorney Sumner began representing plaintiff on file number 351178. Attorney Sumner represented plaintiff for nearly four years until she was asked to withdraw by plaintiff.
4. On 7 January 2007, plaintiff was sent her original file and no copy of the file was retained by Attorney Sumner at plaintiff's direction.
5. On 23 January 2007, the Commission ordered that attorney Sumner was no longer representing plaintiff in either case and that payments of attorney's fees would continue.
6. During the period of her representation, Attorney Sumner filed all the appropriate Industrial Commission forms, secured medical treatment for plaintiff, communicated constantly with the employee and with the medical providers, went to a hearing before the deputy commissioner, took a deposition of the treating physician in the claim, was able to get defendants to accept the claim pursuant to an approved Form 21, and to pay indemnity and medical benefits to plaintiff and on plaintiff's behalf with medical providers of her choice, filed for her mileage reimbursements, and represented her in the vocational rehabilitation process in which she did not want to participate.
7. Attorney Sumner in her computer note file had sixty-six (66) pages of detailed notes on the work performed on plaintiff's claim. This did not include all the letters, motions, *Page 3 
and forms, generated on the file. Attorney Sumner had five notebooks full of information regarding plaintiff's claim.
8. On 5 April 2006, Attorney Sumner was able to obtain an award of ongoing benefits pursuant to an Industrial Commission Form 21 that was approved by Deputy Commissioner Ronnie E. Rowell. The approved Form 21 also awarded attorney's fees out of accrued and ongoing indemnity compensation beginning on 1 April 2006 in the amount of $163.50 per week.
9. The Form 21 Agreement provides plaintiff with the presumption of ongoing disability and plaintiff's ongoing receipt of indemnity compensation is the direct result of the legal services provided by Attorney Sumner.
10. Attorney Sumner's fee agreement was a contingency fee agreement for twenty-five percent (25%) of the monies she was able to obtain for plaintiff. A copy of the fee agreement is in the Industrial Commission file.
11. The Full Commission finds that a reasonable attorney fee for Attorney Sumner is 25% of the total amount due plaintiff for the duration of Attorney Sumner's representation of plaintiff for a total of 245 weeks. As Attorney Sumner has been receiving attorneys fees since 1 April 2006, Attorney Sumner is entitled to receive ongoing attorneys fees in the amount of 25% of the sums due plaintiff until 15 December 2011 or until further Order of the Commission.
 * * * * * * * * * * *
Based upon the foregoing Findings of Fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW *Page 4 
1. The Industrial Commission has the authority to review fees for attorneys in cases before the Industrial Commission. N.C. Gen. Stat. § 97-90, Hardy v. BrantleyConstr. Co., 87 N.C. App. 562, 361 S.E.2d 748 (1987).
2. In the Full Commission's discretion and in light of the nature and extent of services provided, plaintiff's former attorney Kathleen Sumner is entitled to receive ongoing attorneys fees in the amount of 25% of the sums due plaintiff until 15 December 2011 or until further Order of the Commission. N.C. Gen. Stat. § 97-90.
 * * * * * * * * * * *
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. Defendants shall pay to plaintiff's prior counsel of record, Kathleen G. Sumner, ongoing attorneys fees in the amount of 25% of the sums due plaintiff until 15 December 15 2011 or until further Order of the Commission. N.C. Gen. Stat. § 97-90.
2. No costs are assessed.
This the 2nd day of November 2009.
 S/_________________________ STACI T. MEYER COMMISSIONER
CONCURRING:
 S/_________________________ BERNADINE S. BALLANCE *Page 5 
COMMISSIONER
 S/_________________________ CHRISTOPHER SCOTT COMMISSIONER
 *Page 1